■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD WHITE, Appellant. [605 NYS2d 899] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feinberg, J.), rendered October 16, 1991, convicting him of burglary in the first degree, robbery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his identity as the perpetrator beyond a reasonable doubt *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainants testified that they observed the defendant under good lighting conditions and were able to describe the defendant to police officers immediately after the robbery. In addition, both complainants identified the defendant three days later from a lineup, out of the presence of each other, and each made an unequivocal in-court identification of the defendant as the robber at the trial.

Although the defendant argues that the complainants underwent a harrowing experience which undermined their ability to accurately observe and identify the perpetrator, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.